IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE PACIOCCO<br>c/o Christopher Wido, Esq.<br>The Spitz Law Firm, LLC<br>25200 Chagrin Boulevard, Suite 200<br>Beachwood, Ohio 44122<br><br>On behalf of himself and all<br>others similarly situated,<br><br>v.<br><br>BANK OF MAUMEE<br>d/b/a Resolute Bank<br>c/o Statutory Agent c/o H. Lee Dunn,<br>Statutory Agent<br>3425 Briarfield Blvd, Suite 100<br>Maumee, Ohio 43537<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiffs George Paciocco brings this action on behalf of himself and all those similarly situated against Defendant Bank of Maumee, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## PARTIES

1. Paciocco is a resident of the city of Henderson, county of Clark, in the state of Nevada. Paciocco has consented in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b), and his consent to sue form has been attached as Exhibit "A."

2. The putative FLSA Class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 48 of the Complaint.



3. Bank of Maumee is a is a federal savings and loan association conducting business in the state of Ohio with its principal place of business located at 3425 Briarfield Blvd, Suite 100, Maumee, Ohio, 43537.

4. Bank of Maumee has done business as "Resolute Bank" since June 29, 2015.

5. Bank of Maumee and Resolute Bank are hereinafter referred to as "Defendant."

6. At all times material to the Complaint, Defendant was an "enterprise" within the meaning of 29 U.S.C.A § 203(r), in that it performed activities in connection with the operation of a federal savings and loan association, and were engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, were an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

7. During all times material to this Complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. During all times material to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

## JURISDICTION & VENUE

9. This court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Paciocco is alleging a Federal Law Claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

10. This Court has personal jurisdiction over Defendant because it was employed Paciocco and those similarly situated, and because it is a corporation that is registered to conduct business in this District. Further, at all times material to the allegations contained herein, Defendant conducted substantial business in this District and had sufficient minimum contacts within this District.



11. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because it is the district court for the district, division, and counties within the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS
### (Plaintiff George Paciocco)

12. Paciocco is a former employee of Defendant.

13. In or around May 2015, Paciocco began working for Defendant as a Mortgage Loan Originator.

14. Paciocco was provided with the title "Mortgage Production Manager" by Defendant.

15. At all times material to the Complaint, Paciocco worked in Las Vegas, Nevada, from a fixed office location provided by Defendant, and from his home.

16. Paciocco's employment with Defendant ended on or about August 11, 2017.

## GENERAL ALLEGATIONS

17. Paciocco and others similarly situated were "employees" of Defendant within the meaning of 29 U.S.C § 203(e)(1).

18. At all times material to the Complaint, Plaintiffs and others similarly situated were non-exempt from the minimum wage and overtime protections of the FLSA.

19. Paciocco and those similarly situated were employed by Defendant as Mortgage Loan Originators throughout the United States.

20. Defendant provided Paciocco and those similarly-situated with the title of "Mortgage Production Manager."

21. Upon information and belief, Defendant provided its Mortgage Loan Originators with titles besides "Mortgage Production Manager," to include, but not limited to "Loan Officer."

22. Regardless of their title, Mortgage Loan Originators performed the same primary job duty – selling mortgage loans.

23. Despite their titles, Paciocco and those similarly situated did not have any managerial powers.

The Employee's Attorney.™

24. Defendant controlled the terms of employment of Paciocco and those similarly situated, to include the nature of their work assignments, job duties, rates of pay, and compensation.

25. Paciocco and those similarly situated could not hire employees.

26. Paciocco and those similarly situated could not fire employees.

27. Paciocco and those similarly situated did not have any input into hiring or firing decisions.

28. Paciocco and those similarly situated did not qualify as an exempt employee under the FLSA's "executive" exemption.

29. Despite the title of "Mortgage Production Manager," the job duties of Paciocco and those similarly situated did not relate to the internal management or general business operations of Defendant.

30. The primary job duties of Paciocco and those similarly situated did not include the ability to exercise discretion and independent judgment with respect to matters of significance.

31. Paciocco and those similarly situated did not qualify as an exempt employee under the FLSA's "administrative" exemption.

32. At all times material to the Complaint, Paciocco and those similarly situated worked from fixed locations provided by Defendant or from their homes.

33. Because Paciocco and those similarly situated made sales from fixed locations, they did not qualify as exempt from the FLSA under the "outside sales" exemption.

34. Paciocco and those similarly situated were paid a fixed salary to work up to 40 hours per week.

35. Paciocco and those similarly situated were not paid commissions.

36. Paciocco and those similarly situated did not qualify as exempt from the FLSA under the "inside sales" exemption.

37. Paciocco and those similarly situated were scheduled to work forty hours per week.

The Employee's Attorney.™ 

38. Paciocco and those similarly situated regularly performed compensable work both before their scheduled hours of work and after their scheduled hours of work.

39. Defendants expected Paciocco and those similarly situated to meet client needs by working and being available for work during normal business hours in both the Pacific and Eastern time zones.

40. Defendants expected Paciocco and those similarly situated to complete any necessary work regardless of how long they had to work each day.

41. Despite the fact that Paciocco and those similarly situated did not qualify for any exemption under the FLSA, Defendants misclassified these employees as exempt and refused to pay them overtime.

42. Defendant permitted or suffered Paciocco and those similarly situated to regularly work outside of their scheduled hours of work, and to work in excess of forty hours per week.

43. The work Paciocco and those similarly situated performed after hours was greater than *de minimis*, and primarily for the benefit of Defendant.

44. Paciocco and those similarly situated were required by Defendant to provide their personal cell phone number to customers, who could and would call Paciocco and those similarly situated at all hours.

45. Paciocco and those similarly situated were required to participate in mandatory teleconferences with Defendant's offices in Ohio and/or New Jersey, regardless of what time zone they were located in or what time they were scheduled to begin or end their work-day.

46. At all times material to the complaint, Defendant had knowledge that Paciocco and those similarly situated worked beyond their scheduled hours without compensation, as evidenced by email communications with the Defendant's mortgage production office; the requirement that Mortgage Loan Originator's provide their personal cellular phone numbers to customers with



no limitations on when customers could call; and documents that were submitted to Defendant before and after scheduled hours.

47. Defendants knew that the misclassification of Paciocco and those similarly situated as salaried exempt employees violated the obligations imposed by the FLSA.

48. In violating the FLSA, Defendants acted willfully and recklessly.

49. In violating the FLSA, Defendants acted in disregard of clearly applicable FLSA provisions.

50. In violating the FLSA, Defendants acted without a good faith or reasonable basis in attempting to make non-exempt employees work overtime hours without being compensated.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51. Paciocco restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. Paciocco brings this instant litigation as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals who are part of the following class:

> All individuals employed by Bank of Maumee or Resolute Bank as Mortgage Loan Originators, regardless of title, who were not paid for all hours worked, and/or the applicable minimum wage or overtime compensation at a rate of one and one half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

53. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA Class have been subjected to the common business practices referenced in paragraphs 19 through 49 herein, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' companywide practices fail to properly compensate the FLSA Class Members for all hours worked.



**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

54. Paciocco restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. During all times material to this Complaint, Paciocco and the FLSA Class Members were not exempt from receiving minimum wage under the FLSA because, *inter alia*, they were not "executive," "computer," "administrative," "professional," "outside sale," or "inside sale" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

56. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiffs and the FLSA Class Members by, *inter alia*, failing to compensate them at time-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

57. During all times material to this complaint, Defendant knew that Paciocco and the FLSA Class Members are not exempt from the minimum wage and overtime obligations imposed by the FLSA. Defendant also knew that they were required to pay Paciocco and the FLSA Class Members at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendant willfully withheld and failed to pay the minimum wage and overtime compensation to which Paciocco and the FLSA Class Members are entitled.

58. In violating the FLSA, Defendant acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

59. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Paciocco and those similarly situated for the full amount of the required

The Employee's Attorney.™

minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff George Paciocco requests judgment against Defendant and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Maumee Bank and/or Resolute Bank, who work or have worked as Mortgage Loan Originators, as described herein and regardless of job title, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of original Complaint in this matter;

(b) Awarding to Plaintiffs and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(c) Awarding Plaintiffs and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(d) Awarding Plaintiffs and the FLSA Class Members such other and further relief as the Court deems just and proper;

(e) An injunction prohibiting Maumee Bank and/or Resolute Bank from engaging in future violations of the FLSA; and

(f) For a judgment against Defendant for all damage, relief, or any other recovery whatsoever.



Respectfully submitted,


*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney For Plaintiff George Paciocco*


## JURY DEMAND

Plaintiff George Paciocco demands a trial by jury by the maximum number of jurors permitted.


*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

